IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARY D. EPPLE      Plaintiff, | ) ) ) ) | |
| v. | ) ) | Case No. CIV – 15- 1357 - M |
| BNSF RAILWAY COMPANY      Defendant, | ) ) ) | |

<u>JOINT STATUS REPORT AND DISCOVERY PLAN</u>

Date of Conference:      May 27, 2016

Appearing for Plaintiff:   Cynthia Huerta

Appearing for Defendant: <u>Special appearance only pending court's ruling on the Motion to Dismiss for want of personal jurisdiction by Wayne L. Robbins, Jr. (by telephone) and George Mullican</u>

Jury Trial Demanded    **Yes**   -    Non-Jury Trial

1. <u>BRIEF PRELIMINARY STATEMENT</u>. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    a. Plaintiff alleges Defendant violated the whistleblower provision of the Federal Rail Safety Act, 49 U.S.C. §20109. Plaintiff was employed as a conductor and had worked at BNSF Railway for over

thirty years. On September 24, 2010, Plaintiff suffered an injury while working in Defendant's rail yard in Purcell, Oklahoma. While working in the dark and rain, Plaintiff came upon a mound of debris that blocked his walk path. He attempted to walk around it and slipped and fell, injuring his back and knee. Plaintiff reported the unsafe rail yard conditions and his injury to BNSF Railway and the Federal Railroad Administration. Plaintiff alleges Defendant denied him immediate medical care, and retaliated against him by use of harassment, intimidation, and requiring him to attend pre-determined investigation hearings. BNSF terminated Epple's employment on January 2, 2011.

b.  Defendant has made no allegation of fact and takes no position on the allegations other than that this court lacks personal jurisdiction over the defendant and, alternatively and without waiver of its jurisdiction position, that the more convenient venue for trying this matter is the Northern District of Texas.

2.  JURISDICTION. State the basis on which the jurisdiction of the court is invoked and any presently known objections.

    a.  Jurisdiction is vested pursuant to 28 U.S.C. §1331 and 49 U.S.C. §20109.

   b.  BNSF agrees to the court's subject-matter jurisdiction but objects to the court's exercise of personal jurisdiction over it.

3. STIPULATED FACTS. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   Plaintiff has proposed stipulations but because Defendant BNSF has specially appeared and has not yet joined issue, the parties have agreed to no stipulated facts thus far.

4. CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.

   a. Plaintiff:

   1. Expungement of all references to disciplinary action related to this matter;
   2. Lost benefits with interest;
   3. Lost wages with interest;
   4. Compensatory damages for economic losses due to defendant's conduct;
   5. Compensatory damages for mental anguish and emotional distress due to defendant's conduct;
   6. Statutory maximum of punitive damages; and,
   7. Special damages for all litigation costs including expert witness fees

and attorney fees.

   b. <u>Defendant</u>:

      1. Dismissal of the case for want of personal jurisdiction.

      2. Alternatively, transfer of the case to the Northern District of Texas.

5.   <u>APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE</u>.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S. C.§ 2403 or Fed. R. Civ. P. 5.1?

\_\_\_\_\_Yes   \_\_X\_\_\_ No

6.   <u>MOTIONS PENDING AND/OR ANTICIPATED</u> (include date of filing, relief requested, and date responsive brief to be filed).

   a.   BNSF Railway Motion to Dismiss for Lack of Personal Jurisdiction, filed March 25, 2016.

   b.   Plaintiff's Responsive Brief to BNSF Railway Motion to Dismiss for Lack of Personal Jurisdiction, filed April 15, 2016.

   c.   BNSF Railway Motion to Transfer Venue, filed March 25, 2016.

   d.   Plaintiff's Responsive Brief to BNSF Railway Motion to Transfer Venue, filed April 15, 2016.

7.   <u>COMPLIANCE WITH RULE 26(a)(1)</u>. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(l) been made?   \_\_\_\_\_Yes   \_\_X\_\_\_ No

If "no," by what date will they be made? Plaintiff proposes initial disclosures be made by 6/3/16, however, Defendant does not take a position until such time that the court rules on its Motion to Dismiss.

8. <u>PLAN FOR DISCOVERY</u>.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) has not been held. Plaintiff offered to hold such a conference, but because Defendant has only specially appeared and the court has not yet ruled on jurisdiction, Defendant has not yet formally conferred with Plaintiff on discovery.

   B. The parties anticipate that discovery should be completed within: Plaintiff proposes 9 months however, Defendant takes no position until such time that the court rules on its Motion to Dismiss.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Plaintiff proposes 3 months however, Defendant takes no position until such time that the court rules on its Motion to Dismiss.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

_____Yes   __X___ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

_____Yes   __X___ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ.P.26(f)(3)(D) and Fed. R.of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

9. ESTIMATED TRIAL TIME:  __3-5 days_____

10. BIFURCATION REQUESTED:   _____Yes   __X___ No

11. POSSIBILITY OF SETTLEMENT:   Good        Fair X            Poor

12. SETTLEMENT AND ADR PROCEDURES:

A. Compliance with LCvR16.1(a)(1)- ADR discussion: ___Yes __**X**_ **No**

B. The parties request that this case be referred to the following ADR process:

  \_\_\_\_\_  Court-Ordered Mediation subject to LCvR16.3

  \_\_\_\_\_  Judicial Settlement Conference

  \_\_X\_\_  Other - Defendant will not take a position on ADR until such time that the court rules on its Motion to Dismiss.

  \_\_\_\_\_  None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>?  Yes  **No  X**

14. <u>Type of Scheduling Order Requested</u>. \_\_X\_\_ Standard  -  _____ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

DATED this 27th day of May, 2016.

        Respectfully submitted,

        \_\_\_\_\_*/s/ Cynthia Huerta*_____
        CYNTHIA HUERTA
        Admitted pro hac vice
        SCHECHTER, McELWEE, SHAFFER & HARRIS, L.L.P.
        Texas State Bar Number: 24029402
        3200 Travis, 3rd Floor
        Houston, TX 77006
        Tel: (713) 524-3500
        Fax: (713) 751-0412
        Email: chuerta@smslegal.com
        Counsel for Plaintiff

        AND

                 <u>__/s/ Wayne Lindsey Robbins, Jr. * by permission</u>
                 Wayne Lindsey Robbins, Jr.,
                 Admitted pro hac vice
                 ROBBINS TRAVIS, PLLC
                 2485 E. Southlake Blvd., Suite 160
                 Southlake, TX 76092
                 Tel:  (817)918-2307
                 Fax: (817)458-0414
                 Email:  wlr@robbinstravis.com
                 Counsel for Defendant